**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARON WELLS, | CIVIL ACTION |
| Plaintiff, | CASE NO. |
| v. | |
| WALMART, WALMART INC., WALMART STORES INC., JOHN DOES 1-10, JOHN DOES 11-20, AND JOHN DOES 21-30, j/s/a, | JURY TRIAL DEMANDED |
| Defendants. | |

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>

Defendants, WALMART, WALMART INC., and WALMART STORES INC., (more properly identified solely as Wal-Mart Stores East, LP and hereinafter referred to as "Walmart Defendants" or "Walmart"), file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. GLO-L-798-20, where it is now pending, to the United States District Court for the District of New Jersey, and avers in support thereof as follows:

1.      Plaintiff, Sharon Wells, initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. GLO-L-798-20, on or about July 17, 2020.  *See* Plaintiff's Complaint attached hereto as Exhibit "A."

2.      The Complaint alleges, *inter alia*, that on or about August 11, 2018, Plaintiff sustained injuries when she was "caused… to slip and fall on the wet floor after walking into the store" at the Walmart retail store located at 2000 Clements Bridge Road, Suite 100, Deptford Township, Gloucester County, New Jersey.  *See* Exhibit "A," ¶ ¶ 1 and 5.

1

3.     The Complaint alleges that Plaintiff sustained "bodily injuries, which injuries caused her great anxiety, pain and suffering, incapacitated her from her usual activities and work, [and] necessitated her receiving medical treatment and incurring medical bills…" *Id.* at ¶ 6.

4.     Walmart filed an Answer to Plaintiffs' Complaint with Affirmative Defenses on August 24, 2020.  *See* a true and correct copy of Walmart's Answer attached hereto as Exhibit "B."

5.     On August 24, 2020, Walmart also requested a statement of damages from Plaintiff pursuant to <u>Rule</u> 4:5-2.  Exhibit "B."

6.     On October 7, 2020, having not received Plaintiff's Statement of Damages, Walmart sent correspondence again requesting the Statement and threatening motion practice.  *See* Correspondence, with enclosures, attached hereto as Exhibit "C."

7.     On October 8, 2020, Walmart received Plaintiff's Statement of Damages in the amount of $250,000 (Two Hundred Fifty Thousand Dollars).  See Plaintiff's Statement of Damages attached hereto as Exhibit "D."

8.     The State Court wherein this action was originally filed is located in Gloucester County, New Jersey, which is embraced within this jurisdictional district.

9.     Removal from the Superior Court of New Jersey, Law Division, Gloucester County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

10.     This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

11. Plaintiff avers that she is an adult individual residing at 1035 Arline Avenue, Glendora, New Jersey. *See* Exhibit "A."

12. Therefore, Plaintiff has represented that she is a citizen of the State of New Jersey.

13. Plaintiff alleges that the incident occurred in Gloucester County in the State of New Jersey, and Plaintiff selected her forum by filing this action in Gloucester County, New Jersey.

14. Under 28 U.S.C. § 1141(b)(1) the citizenship of Defendants "JOHN DOES 1-10, JOHN DOES 11-20, and JOHN DOES 21-30" are disregarded for purposes of diversity. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

15. Named Defendant "Walmart" (formerly known as Wal-Mart Stores, Inc.) is more properly identified as either Wal-Mart Stores East, LP or Walmart Inc.

16. Named Defendant, "Walmart Inc.," is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

17. On August 11, 2018, and at all times material hereto, the subject premises located in Deptford Township, Gloucester County, New Jersey was maintained and operated by Wal-Mart Stores East, LP.

18. Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of the State of Delaware with principal business offices located in Bentonville, Arkansas. It is a citizen of Delaware. Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the

sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMI).

19. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the State of New Jersey.

20. Therefore, the Walmart Defendants in this matter are citizens of the States of Delaware and Arkansas.

21. Accordingly, Plaintiff is diverse from the Walmart Defendants and the requirements for removal based on diversity of citizenship are satisfied.

22. Walmart has reason to believe that Plaintiff's damages exceed $75,000 based upon Plaintiff's Statement of Damages in the amount of $250,000. *See* Exhibit "D."

23. Plaintiff's Complaint contained vague information regarding the nature and extent of Plaintiff's alleged injuries. *See* Exhibit "A" ¶¶ 5-6.

24. Though Plaintiff alleges that she "sustained bodily injuries, which injuries caused her great anxiety, pain and suffering… and may in the future case her continued pain and suffering," Plaintiff fails to identify what injury Plaintiff alleges to have sustained.

25. Further, the alleged injuries and any subsequent treatment that was required are not described with the requisite specificity.

26.     For example, Plaintiff's Complaint does not describe what body parts or organs were affected or whether surgery was required or recommended.

27.     Plaintiff's Complaint did not provide a description of Plaintiff's alleged injuries and treatment upon which Walmart could reasonably evaluate the case's potential value.

28.     Additionally, Plaintiff's Complaint did not provide any amount of monetary damages sought.

29.     Therefore, Walmart served a Demand for Statement of Damages upon Plaintiff pursuant to New Jersey Rule 4:5-2 on August 24, 2020 and again on October 7, 2020.

30.     On October 8, 2020, Walmart received Plaintiff's executed Statement of Damages, wherein she claimed damages of $250,000 dollars.  *See* a true and correct copy of Plaintiff's executed Statement of Damages attached hereto as Exhibit "D."

31.     When a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  *See also* § 1446(c)(3)(A).

32.     A Statement of Damages has long been recognized as an "other paper" that can form the basis for removal.  *See*, *e.g.*, *Correas v. C.R. Eng.-Global Transp.*, 2014 U.S. Dist. LEXIS 81970, *7, 2014 WL 2737986 (D.N.J. 2014); *Modica v. Home Depot*, 2007 U.S. Dist. LEXIS 30336 *4, 2007 WL 1231793 (D.N.J. Apr. 23, 2007); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994); and *Lang v. Baker*, 101 N.J. 147, 158, 501 A.2d 153 (N.J. 1985).

33.     In *Vartanian v. Terzian*, 960 F. Supp. 58, 61-62 (D.N.J. Apr. 9, 1997), this Court held that "if a Complaint does not plead specific damages, and does not otherwise make clear that

5

the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that *clearly states* the amount in controversy is more than $75,000." (emphasis added); *see also Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 593 n. 14 (D.N.J. March 15, 2016) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that *explicitly specifies* the amount of monetary damages sought") (emphasis added).

34.     "The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that *affirmatively and unambiguously* reveals that the predicates for removal are present.'"  *Worldwide Executive Job Search Solutions, LLC v. North Bridge Grp.*, Civil Action No. 17-cv-1907-PGS-LHG, 2017 U.S. Dist. LEXIS 194674, *5-6, 2017 WL 5762392 (D.N.J. Nov. 27, 2017) (emphasis added) (*citing Judson v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014)) (*quoting Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013)).

35.     In this case, prior to the receipt of Plaintiff's Statement of Damages, the information available did not affirmatively and unambiguously reveal that the predicates for removal were present.

36.     This Notice of Removal is filed within thirty (30) days of service of the "other paper" in which Plaintiffs indicated that the amount in controversy exceeded $75,000.  *See Rose v. USAA Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 63009, *11, 2010 WL 2557484 (D.N.J. June 23, 2010) (confirming that the removal period is calculated from date the defendant received the "other paper").

37.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332

because the parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth herein.

38.     Accordingly, based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.


**WHEREFORE**, Defendants, WALMART, WALMART INC., and WALMART STORES INC., (more properly identified solely as Wal-Mart Stores East, LP) respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Gloucester County, to the United States District Court for the District of New Jersey.


Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**


Dated:  October 26, 2020                    By:     */s/Elisa Marie Boody*
                                                    Patrick J. McDonnell, Esquire
                                                    Attorney I.D. No. 026781991
                                                    Email: pmcdonnell@mcda-law.com
                                                    Elisa M. Boody, Esquire
                                                    Attorney I.D. No. 139842014
                                                    Email: eboody@mcda-law.com
                                                    500 Route 70 West
                                                    Cherry Hill, NJ  08002
                                                    (T) 856.429.5300 (F) 856.429.5314
                                                    *Attorneys for Walmart Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARON WELLS,<br><br>              Plaintiff,<br><br>v.<br><br>WALMART, WALMART INC.,<br>WALMART STORES INC., JOHN<br>DOES 1-10, JOHN DOES 11-20, AND<br>JHN DOES 21-30, j/s/a,<br><br>              Defendants. | CIVIL ACTION<br><br>CASE NO.<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Elisa M. Boody, Esquire, hereby certify that on October 26, 2020, Defendants' Notice of Removal was filed electronically with the Court and is available for viewing and downloading from the ECF website.  A true and correct copy of the filed document was also served via first class mail, postage pre-paid, upon the following counsel of record:

HOFFMAN DIMUZIO
Robert P. Grossman, Esquire
4270 Route 42
Turnersville, New Jersey 08012
*Attorneys for Plaintiff*

McDONNELL & ASSOCIATES, P.C.

*/s/ Elisa M. Boody*
Elisa M. Boody, Esquire
*Attorneys for Walmart Defendants*